IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JENNIFER BIRCHALL,** | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| **COUNTRYWIDE HOME LOANS, INC.,** | : | |
| a/k/a **COUNTRYWIDE BANK, N.A., et al.,** | : | |
| Defendants | : | NO. 08-2447 |

**M E M O R A N D U M**

PRATTER, J.                                                                                                            DECEMBER 23, 2008

Before the Court is Defendant Countrywide Home Loans, Inc.'s ("Countrywide")[1] Motion to Dismiss Ms. Birchall's Complaint. At oral argument on December 22, 2008, Ms. Birchall withdrew all of her claims except for two: fraud and abuse of process. She also requested leave to amend her complaint to add a cause of action under the Pennsylvania Unfair Trade Practices Act. Because of the insufficiency of Ms. Birchall's Complaint, the Court grants Countrywide's Motion and dismisses Ms. Birchall's Complaint without prejudice.

**JURISDICTION**

The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**FACTUAL AND PROCEDURAL BACKGROUND**

Ms. Birchall originally brought thirteen claims surrounding what she labels "inaccurate mortgage servicing issues." (Compl. ¶ 1.) Ms. Birchall took out a mortgage on her home. She claims that Countrywide made numerous processing errors during her repayment of that

---

[1] As Countrywide noted in it motion and confirmed at oral argument, Countrywide Home Loans, Inc. is not also known as Countrywide Bank, N.A., as Ms. Birchall has alleged in her Complaint. As Ms. Birchall is now aware of this fact, the Court expects that she will correct the error in any amended complaint.

mortgage, which caused her to incur fees and charges. (See Id. ¶¶ 11-12.) In turn, these charges and fees made it "impossible" for her to stay current with her monthly payment. (Id.) All the while, Ms. Birchall claims to have attempted to contact Countrywide to correct the errors and to make her monthly payments. (Id. ¶ 37.) Ms. Birchall alleges that despite her efforts and despite Countrywide's promises to correct the problems, Countrywide filed a foreclosure action against Ms. Birchall in February 2007. (Id. ¶¶ 37-40.) Based on this allegedly erroneous foreclosure action, a default judgment was entered against Ms. Birchall, and the property was sold to Countrywide in a Sheriff's Sale on November 26, 2007. (Id. ¶¶ 42-43.)

Ms. Birchall's complaint, filed May 27, 2008, alleged 13 causes of action against Countrywide.[2] After Countrywide filed its motion to dismiss, however, she withdrew some of her claims, see Birchall Resp. at 4, and at oral argument, she withdrew several more, leaving her with two remaining causes of action–fraud and abuse of process–and a request for leave to amend to add a Pennsylvania Unfair Trade Practices Act claim. Although she asked for rescission of the loan, termination of any security interest in her property which may have been created under the loan, return of money or property given by Ms. Birchall in connection with the transaction, statutory damages, forfeiture and return of loan proceeds, and actual, treble, and punitive damages, as well as costs and fees, she acknowledged at oral argument that she is now only seeking monetary, statutory, and punitive damages, plus costs and fees.

Ms. Birchall's withdrawal of eleven of her thirteen claims moots much of Countrywide's motion to dismiss. Remaining are Countrywide's arguments that Ms. Birchall's fraud claim is

---

[2] Ms. Birchall originally asserted claims for Truth in Lending Act violations, Fair Credit Reporting Act violations, Fair Debt Collection Practices Act violations, fraud, breach of contract/warranty, negligence, breach of covenant of good faith and fair dealing, breach of fiduciary duty, slander of title, abuse of process, wrongful use, fraud on the court, and civil rights violations.

barred by the statute of limitations, by the parol evidence rule, by the gist of the action doctrine, by the Rooker-Feldman doctrine, by res judicata, and by a failure to sufficiently plead a fraud claim under Federal Rule of Civil Procedure 9(b).  Countrywide also attacks Ms. Birchall's abuse of process claim on Rooker-Feldman, res judicata, and insufficient pleading grounds.  Because this Court grants Countrywide's motion with regard to the insufficiency of the pleadings, the other arguments will not be addressed herein.[3]

**LEGAL STANDARDS**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (quoting Conley, 355 U.S. at 47).  While a complaint need not contain detailed factual allegations, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (citations omitted).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 1965 (citations omitted).

In making such a determination, courts "must only consider those facts alleged in the complaint and accept all of those allegations as true."  ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also

---

[3] Although the Court does not address Countrywide's more substantive challenges to Ms. Birchall's complaint at this time, this does not imply that Countrywide's arguments are without merit.  Indeed, Countrywide raises a number of issues that make it difficult, although not impossible, to imagine a successfully pleaded amended complaint.

Twombly, 127 S. Ct. at 1965 (stating that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)"). The Court must also accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). The Court, however, need not accept as true "unsupported conclusions and unwarranted inferences," Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183-84 (3d Cir. 2000) (citing City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n.13 (3d Cir. 1998)), or the plaintiff's "bald assertions" or "legal conclusions," Morse v. Lower Merion Sch. Dist., 132 F.3d. 902, 906 (3d Cir. 1997).

Rule 9(b) of the Federal Rules of Civil Procedure provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The purpose of this heightened pleading requirement is "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." Lum v. Bank of America, 361 F.3d 217, 223-24 (3d Cir. 2004) (quoting Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984)). A plaintiff "may satisfy this requirement by pleading the 'date, place or time' of the fraud, or through 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" Id. at 224 (quoting Seville, 742 F.2d at 791). "Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation." Id. (citations omitted).

To evaluate a motion to dismiss, the Court may consider the allegations contained in the complaint, exhibits attached to the complaint, matters of public record and records of which the

Court may take judicial notice. See Tellabs, Inc. v. Makor Issues & Rts., 127 S. Ct. 2499, 2509 (2007); Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

**DISCUSSION**

Ms. Birchall's fraud claim itself is merely a recitation of the elements of fraud. (See Compl. ¶ 54-56.) Elsewhere in her complaint, Ms. Birchall claims that Countrywide told her that it would correct servicing problems but failed to do so and that Countrywide's mortgage foreclosure action contained numerous misstatements.[4] (See, e.g., Compl. ¶ 18, 20, 37, 39-40.) Ms. Birchall fails, however, to allege misstatements with any degree specificity, let alone that required by Federal Rule of Civil Procedure 9(b). At oral argument, counsel for Ms. Birchall all but agreed that the complaint did not meet the standard of Rule 9(b), but asserted that an amended complaint would contain the requisite level of specificity. Given the sparseness of the current complaint, the Court is unable to definitively state that Ms. Birchall cannot live up to her counsel's assertions, and, therefore, the Court will dismiss Ms. Birchall's fraud claim without prejudice.

Likewise, Ms. Birchall's abuse of process claim merely states that Countrywide "committed an abuse of process." (See Compl. ¶ 63.) To establish a claim for abuse of process, a plaintiff must show that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed, (3) resulting in harm to the plaintiff. Werner v. Plater-Zyberk, 799 A.2d 776, 785 (Pa. Super. 2002). Ms. Birchall has

---

[4] Ms. Birchall also appears to attempt in her complaint to allege misstatements in connection with events prior to foreclosure, but at oral argument, counsel for Ms. Birchall stated that, given a chance to amend, she intended to assert a fraud claim based only on misstatements made in connection with and around the time of the foreclosure action.

not made any allegations regarding Countrywide's purpose for bringing the foreclosure action, let alone a purpose other than that for which the foreclosure process was designed. Again, without clearer allegations, the Court cannot now determine whether Ms. Birchall is able to allege such a purpose.

**CONCLUSION**

For the foregoing reasons, Counts I, II, III, V, VI, VII, VIII, IX, XI, XII, and XIII of Ms. Birchall's Complaint are dismissed with prejudice, pursuant to Ms. Birchall's voluntary withdrawal of those counts. Counts IV and X of Ms. Birchall's Complaint are dismissed without prejudice. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JENNIFER BIRCHALL,** | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| **COUNTRYWIDE HOME LOANS, INC.,** | : | |
| a/k/a **COUNTRYWIDE BANK, N.A.,** et al., | : | |
| Defendants | : | NO. 08-2447 |

**O R D E R**

**AND NOW**, this 23rd day of December, 2008, upon consideration of Defendant Countywide Home Loans, Inc.'s Motion to Dismiss (Docket No. 5), Plaintiff Jennifer Birchall's Response thereto (Docket No. 8), and Countrywide Home Loans, Inc.'s Reply (Docket No. 9) and following oral argument on December 22, 2008, **IT IS HEREBY ORDERED** that:

1. Counts I, II, III, V, VI, VII, VIII, IX, XI, XII, and XIII of Ms. Birchall's Complaint are **DISMISSED** with prejudice, pursuant to Ms. Birchall's voluntary withdrawal of those counts.

2. Counts IV and X of Ms. Birchall's Complaint are **DISMISSED** without prejudice. Plaintiff shall file an amended complaint within 10 days of the entry of this Order.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge